UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> RIVERWALK HOMEOWNERS ) <br> ASSOCIATION, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:15-cv-01178-RFB-NJK <br><br> ORDER |

Pending before the Court is a proposed discovery plan seeking one year to conduct discovery. Docket No. 25. The presumptively reasonable discovery period is 180 days. *See, e.g.*, Local Rule 26-1(e)(1). The parties proffer several reasons for their request to drastically increase the discovery period, none of which is persuasive. First, the parties point to the pendency of motions to dismiss. Docket No. 25 at 2. The well-developed case law in this District makes clear that the pendency of dispositive motions, standing alone, is not cause to delay discovery. *See, e.g.*, *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending" (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011)). Second, the parties note that counsel are all litigating many similar lawsuits. Docket No. 25 at 2. That is not good reason to extend the discovery period. *See, e.g.*, *Nationstar Mortgage LLC v. Aurora Canyon Homeowners Association*, Case No.2:15-cv-1308-MMD-NJK (D. Nev. Aug. 21, 2015) (Docket No. 26) (citing *Greene v. Alhambra Hosp. Med. Ctr.*, 2015 U.S. Dist. Lexis 72697, *3 (D. Nev. June 3, 2015) (rejecting

contention that overcommitment created by litigating many lawsuits was grounds for extension)). Third, the parties next assert that "[a]dditional time is also needed to locate and produce all relevant documents and to conduct depositions and other discovery that may be required." Docket No. 25 at 2. Such a bald statement that discovery needs to be conducted is plainly insufficient to extend the presumptively reasonable discovery period. Lastly, the parties indicate that one defendant appeared three weeks after the first defendant appeared. *See id*. The Court finds this *de minimis* difference in appearance dates insufficient to extend the discovery period.

As such, the proposed discovery plan is hereby **DENIED**. The parties shall file, no later than September 17, 2015, an amended discovery plan providing a discovery period of 180 days calculated from the date the first defendant answered.

IT IS SO ORDERED.

DATED: September 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

2