UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> vs. ) <br> ) <br> RIVERWALK HOMEOWNERS ) <br> ASSOCIATION, et al., ) <br> ) <br> Defendant(s). ) <br> ) | Case No. 2:15-cv-01178-RFB-NJK <br><br> ORDER |

Pending before the Court is a motion to stay discovery filed by Defendant Riverwalk Homeowners Association on December 9, 2015, Docket No. 32, which is hereby **DENIED** without prejudice.

On September 10, 2015, the Court denied the parties' proposed discovery plan because it sought time to conduct discovery beyond the presumptively reasonable discovery period without sufficient justification. Docket No. 26. One of the bases for the request for an extended discovery period was the fact that motions to dismiss were pending. Docket No. 25 at 2. The Court found that to be an insufficient basis for a prolonged discovery period, holding that "the pendency of dispositive motions, standing alone, is not cause to delay discovery." Docket No. 26 at 1. The parties then filed an amended discovery plan pursuant to the Court's order that set a discovery cutoff of January 12, 2016, which the Court entered. Docket Nos. 28, 29. As such, the discovery cutoff is currently set to expire in roughly one month.

The pending motion was not filed on an emergency basis, so it would be briefed according to the default deadlines established in the Local Rules and then decided by the Court in the ordinary course.

Accounting for the three days added for service and the rules applicable when deadlines fall on weekends, the response would be due on December 28, 2015, and the reply would be due on January 7, 2016. *See, e.g.*, Local Rule 7-2.[1] Given that timetable, it is highly unlikely that the Court would resolve the motion prior to the discovery cutoff expiring three court days later. *See, e.g.*, *Cardoza v. Bloomin' Brands, Inc.*, ___ F. Supp. 3d ____, 2015 WL 6123192, *2 ("The Court generally prioritizes resolution of those motions that have been pending for a longer period of time in the interest of fairness to all parties"). In short, it appears that the pending motion to stay discovery is effectively moot because it would not be resolved until after the fast-approaching discovery cutoff.

For the above reasons, the motion to stay is hereby **DENIED** as moot. If a renewed motion is filed, it must explain in detail why it should not be denied as moot. It must also outline with specificity the discovery that has been conducted to date and the discovery that the movant still wishes to conduct. *Cf.* Local Rule 26-4. In addition, if that motion is filed on an emergency basis so that it can be decided before the discovery cutoff, it must explain how the applicable standards have been met. *See, e.g.*, *Cardoza*, 2015 WL 6123192, *1-4 (outlining procedural and substantive requirements for emergency motions, including that "[t]he party seeking emergency relief must demonstrate that it is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule").

IT IS SO ORDERED.

DATED: December 10, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] The filing of a motion to stay discovery does not effectuate a stay of discovery; discovery is not stayed unless and until the Court so orders. *See, e.g.*, *Tinsley v. Kemp*, 750 F. Supp. 1001, 1013 (W.D. Mo. 1990); *Willemihn Houdstermaatschappij BJ v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989). Thus, the parties would be required to continue complying with their discovery obligations throughout the briefing period.